**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **RENEE D. FEREBEE** | \* |
| **Plaintiff,** | \* |
| v. | Case No.: GJH-18-1930 |
| | \* |
| **UNITED STATES OF AMERICA,** | |
| | \* |
| **Defendants.** | |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Renee Ferebee brings this *pro se* action against Defendant United States of America[1] for alleged mail tempering, verbal attacks, and threats. Pending before the Court is Defendant's Motion to Dismiss pursuant to Red R. Civ. P. 12(b)(1) and (b)(6). No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss, ECF No. 11, is granted.

**I.   BACKGROUND**

This is Plaintiff's third suit alleging improper conduct at the Temple Hills Post Office. *See Ferebee v. United States*, No. GJH-16-3482, 2017 WL 3141914, at \*1 (D.Md. July 24, 2017); *Ferebee v. Temple Hills Post Office*, No. GJH-14-02451, 2014 WL 5342845 (D.Md. Oct. 20, 2014). This Complaint alleges "tampering with mail," "threatening, verbal attacks," "mail still being opened and taped," and "defamation of character." ECF No. 1-1. Plaintiff also requests punitive damages. *Id*.

---

[1] Plaintiff originally named Robin Harris and Tameka Lee Robinson as Defendants. The Court granted but were substituted for the United States. ECF No. 8.

## II. DISCUSSION

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). A *pro se* plaintiff is held to a "less stringent" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But these principles are not without limits, and courts cannot "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, Plaintiff has failed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Courts "cannot be expected to construct full blown claims from sentence fragments." *Beaudett*, 775 F.2d at 1278. Plaintiff has not alleged any facts, dates, or specific actions taken by any party that resemble a cognizable claim upon which the Court can grant relief. Thus, her claim must be dismissed.

## III. CONCLUSION

Defendant's Motion to Dismiss, ECF No. 11, is granted. A separate Order shall issue.

Date: February  22, 2019

                                                              /s/
                                                   GEORGE J. HAZEL
                                                 United States District Judge